**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| STEWART HANDTE, | 3:11-cv-00900-ECR-VPC |
| Plaintiff, | |
| vs. | **Order** |
| WELLS FARGO BANK N.A., UNITED TITLE OF NEVADA, INC., NATIONAL DEFAULT SERVICING CORPORATION, and DOES 1 through 10, inclusive, | |
| Defendants. | |

**I. Background**

Plaintiff is or was the owner of real property located at 1340 Tapadero Trail, Reno, Nevada 89521 (the "Property'). (Compl. ¶ 8 (#1-1).) On or about May 25, 2008, Wells Fargo Bank, N.A. ("Wells Fargo") loaned Plaintiff $337,487.00 to refinance the Property. (Id. ¶ 9; Deed of Trust[1], Ex. C (#3-3).) Defendants claim that at closing, Plaintiff and his mother, Barbara Handte, each received two copies of the 3-day notice of right to cancel required under the Truth in Lending Act ("TILA"). (TILA Disclosure Forms, Ex. D (#3-4).) Plaintiff disputes those notices and the authenticity of the

---

[1] Defendants request judicial notice of the sale deed, deed of trust, substitution of trustee, election to sell, and other such exhibits. Under Federal Rule of Evidence 201, a court may judicially notice matters of public record. Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n. 1 (9th Cir 2004). Therefore, we take judicial notice of these public records.

1  signatures.  On August 11, 2010, Plaintiff notified Wells Fargo that
2  he was rescinding the loan pursuant to TILA.  (Compl. ¶ 12 (#1-1);
3  Letter of Notice of Rescission, Ex. 1 (#1-1).)  Wells Fargo did not
4  respond to the letter of the notice of rescission.  (Compl. ¶ 15
5  (#1-1).)  Plaintiff appears to have operated under the assumption
6  that the notice of rescission automatically voided the deed of trust
7  and defaulted on his loan.  (Id. ¶ 16.)

8      On February 10, 2009, National Default Servicing Corporation
9  ("NDSC") as agent for Wells Fargo, by LSI Title Company, recorded a
10 notice of default and election to sell under the deed of trust.
11 (Notice of Default, Ex. E (#3-5); Compl. ¶ 17 (#1-1).)  On May 12,
12 2009, Olivia Todd, acting through a limited power of attorney for
13 Wells Fargo, substituted NDSC as the trustee under the deed of
14 trust.  (Substitution of Trustee, Ex. F (#3-6).)  On May 12, 2009,
15 NDSC recorded a notice of trustee's sale, which was later postponed.
16 (First Notice of Sale, Ex. G (#3-7).)  On December 11, 2009, NDSC
17 posted a second notice of trustee's sale, which was also postponed.
18 (Second Notice of Sale, Ex. H (#3-8).)  On May 19, 2010, NDSC
19 recorded a third notice of trustee's sale, which did not go forward.
20 (Third Notice of Sale, Ex. I (#3-9).)

21     On February 9, 2011, NDSC, as agent for Wells Fargo, recorded a
22 new notice of default.  (Second Notice of Default, Ex. J (#3-10).)
23 On February 17, 2011, NDSC rescinded the February 10, 2009 notice of
24 default.  (First Rescission, Ex. K (#3-11).)  On August 4, 2011,
25 NDSC recorded another notice of default.  (Third Notice of Default,
26 Ex. L (#3-12).)  On August 8, 2011, NDSC rescinded the February 9,
27 2011 notice of default.  (Second Rescission, Ex. M (#3-13).)
28

On August 8, 2011, Plaintiff filed his complaint in state court, alleging causes of action related to his default and the impending foreclosure of the Property. (Compl. at 1 (#1-1).)  On December 16, 2011, Defendants removed the action to our Court. (Pet. for Removal (#1).)

On December 23, 2011, Wells Fargo filed a Motion to Dismiss (#3), which was joined by NDSC in its own Motion to Dismiss (#6). Plaintiff responded (#13) to Wells Fargo's Motion to Dismiss (#3) on January 17, 2012.  On January 27, 2012, Wells Fargo filed its reply (#17).

On January 6, 2012, NDSC filed its Motion to Dismiss (#6).  On February 1, 2012, Plaintiff filed his response (#20).  On February 9, 2012, NDSC filed its reply (#21).

On January 27, 2012, Wells Fargo filed a Motion for Sanctions (#18).  On February 13, 2012, Plaintiff filed his opposition (#22). On February 23, 2012, Wells Fargo replied (#23).

On June 29, 2012, the Court issued a notice of intend to dismiss pursuant to Rule 4(m) (#26) if proof of service is not filed by July 29, 2012 for United Title of Nevada, Inc.  On July 11, 2012, Plaintiff filed a Notice of Dismissal without Prejudice for United Title of Nevada (#27).

## **II. Motions to Dismiss (##3, 6)**

### **A. Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will only be granted if the complaint fails to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v.

3

Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (clarifying that Twombly applies to pleadings in "all civil actions").  On a motion to dismiss, except where a heightened pleading standard applies, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (internal quotation marks omitted).  Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Accordingly, "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

**B. Discussion**

1. Violations of TILA

TILA provides obligors with the right to rescind a consumer credit transaction involving a security interest within three business days following the consummation of the transaction or the

4

delivery of the information and rescission forms.  15 U.S.C. § 1635(a).  Where the borrower alleges that "proper notice of rescission rights is not delivered to the consumer at the time of closing, and the lender fails to cure the omission by subsequently providing the proper information, the consumer's usual right to rescind within three days of closing is extended to three years." Miguel v. Country Funding Corp., 309 F.3d 1161, 1163 (9th Cir. 2002); see also 15 U.S.C. § 1635(f).

Plaintiff alleges that Wells Fargo violated 15 U.S.C. § 1635 and Regulation Z § 226.26 of TILA by failing to provide TILA notices of Plaintiff's right of rescission.  Plaintiff's loan closed on or about May 25, 2008.  (Compl. ¶ 9 (#1-1).)  Defendants claim that Plaintiff and Barbara Handte were provided with, and signed, TILA disclosure forms on May 28, 2008, and therefore the right to rescind the loan expired on May 31, 2008.  (TILA Disclosure Forms, Ex. D (#3-4).)  Plaintiff contests the authenticity of the TILA disclosure forms and the signature and date attached thereto.

Plaintiff first notified Wells Fargo of his intent to rescind the loan pursuant to TILA on August 11, 2010. (Compl. ¶ 12 (#1-1).) Plaintiff filed his complaint on August 8, 2011, more than three years after his loan was consummated.  (Id. at 1.) Plaintiff claims that he had one year from Wells Fargo's refusal to recognize his TILA rescission notification of August 11, 2010 to bring suit.  (Id. ¶ 14.)

The one-year statute of limitations for a lender's violation of TILA under 15 U.S.C. § 1640 does not govern the right of rescission, which is governed by § 1635 and its three-year statute of repose.

5

1  McOmie-Gray v. Bank of America Home Loans, 667 F.3d 1325, 1328 (9th
2  Cir. 2012).  Therefore, Plaintiff's notice does not create a new
3  one-year statute of limitations for rescission. See id. at 1329
4  (holding that adopting § 1640's one-year statute of limitations to
5  rescission actions contradicts the plain language of the statute).
6       Nor does the notice suffice to toll the three year statute of
7  limitations for bringing a rescission suit. Id. at 1328.  "Under
8  the case law of this court and the Supreme Court, rescission suits
9  must be brought within three years from the consummation of the
10 loan, regardless whether notice of rescission is delivered within
11 that three-year period." Id.  Section 1635(f) is "not merely a
12 statute of limitations-it completely extinguishes the underlying
13 right itself." Id. at 1329.  Therefore, without finding whether
14 Plaintiff did receive the required TILA notices, we hold that
15 Plaintiff's claim for rescission under TILA is untimely and must be
16 dismissed with prejudice.[2]

---

[2] In the first cause of action, Plaintiff does not appear to be seeking separate damages for any alleged failure to send TILA disclosures or failure to respond to the August 11, 2010 notice of rescission. (Compl. ¶ 31 (#1-1).)  Plaintiff may have such claims, but they have not been sufficiently pled.  Wells Fargo notes that a failure to respond to a TILA rescission demand is a violation of TILA only if the rescission claim is proper. See Chiles v. Ameriquest Mortg. Co., 551 F.Supp.2d 393, 397 (E.D. Pa. 2008).  Originally the Court considered giving Plaintiff leave to amend to assert a cause of action for civil damages under § 1640 to pursue the claim that he was never given proper disclosures in 2008 and that the ones provided by Wells Fargo along with his and Barbara Handte's signatures are inadmissible and suspect.  However, it appears that in the response to Wells Fargo's Motion for Sanctions (#18), Plaintiff is conceding that the signatures are his, but argues that they show only that Plaintiff executed the TILA disclosures but not that he received them. While we dismissed the TILA claim because it was not filed within the three-year statute of repose, we note that if Plaintiff is now asserting that he did receive the TILA forms and executed them, the three-day limit on rescission would apply rather than the thee-year

2. Lack of Standing to Foreclose

Plaintiff's second cause of action alleges simply that Wells Fargo lacks standing to foreclose. (Compl. ¶ 31 (#1-1).) This cause of action appears to be based on allegations that Wells Fargo "never informed Handte who the real party/entity is that owns his Note" and "is not in possession of the Note or voided deed of trust." (Id. ¶ 21.) In Cervantes v. Countrywide Home Loans, Inc., the Ninth Circuit considered wrongful foreclosure claims based on alleged procedural defects. 656 F.3d 1034, 1044 (9th Cir. 2011).[3] The Ninth Circuit held that "[e]ven if we were to accept the plaintiffs' premises that MERS is a sham beneficiary and the note is split from the deed, we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose." Id. Plaintiff's arguments that Wells Fargo lacks standing to foreclose because the note was never presented, the note was split from the deed, and other similar arguments, have been repeatedly rejected in this Court, and shall be dismissed without leave to amend.

3. Quiet Title

In Nevada, a quiet title action may be brought "by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NEV. REV. STAT. § 40.010. "In a

---

statute of repose.

[3] The Ninth Circuit case reviewed a case brought under Arizona law. The conclusions of the Ninth Circuit, however, are equally applicable under Nevada law.

7

quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996). "Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." Lalwani v. Wells Fargo Bank, N.A., No. 2-11-cv-00084, 2011 WL 4574338, at *3 (D. Nev. Sep. 30, 2011) (citing Ferguson v. Avelo Mortg., LLC, No. B223447, 2011 WL 2139143, at *2 (Cal.App.2d June 1, 2011)). Plaintiff has failed to allege that Plaintiff is not in breach of the loan agreement, and it is indisputable that such a claim cannot be made. Accordingly, Plaintiff's third cause of action is dismissed.

4. Wrongful Foreclosure

Plaintiff alleges that because he notified Defendants that he was rescinding the mortgage loan pursuant to TILA on August 11, 2010, Defendants have no legal right to foreclose. As we noted in subsection A, Plaintiff failed to file a rescission suit within the three year statute of limitations, and there is at least a question as to whether his right of rescission actually expired on May 31, 2008 if he indeed received the TILA disclosure notice forms and signed and dated them. Plaintiff contends that rescission automatically voided the deed of trust. (Compl. ¶ 43 (#1-1).) This is incorrect. "Rescission is not automatic upon a borrower's mere notice of rescission." McOmie-Gray, 667 F.3d at 1328. Section 1635 and regulations contemplate that a borrower's notice of rescission operates as advancing a claim seeking rescission, and that the borrower will seek a determination that rescission is proper. Id. Because Plaintiff's rescission claim under TILA is time-barred,

8

Plaintiff's claim for wrongful foreclosure based on TILA must be dismissed with prejudice.

### 5. Violation of 12 U.S.C. § 2605(c)

12 U.S.C. § 2605(c) provides that "[e]ach transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer." Plaintiff alleges that the Real Estate Settlement Procedures Act ("RESPA") required Wells Fargo to notify him whenever his note is transferred to a third party. (Compl. ¶ 21 (#1-1).) Plaintiff has not alleged that Defendants failed to notify him when the servicing of his loan was transferred. Nor has Plaintiff pled factual allegations showing that he suffered pecuniary damages as a result of any alleged RESPA violation. Therefore, this cause of action shall be dismissed.

### 6. Injunctive Relief

Injunctive and declaratory relief are remedies, not independent causes of action. Parker v. Greenpoint Mortg. Funding Inc., No. 3:11-cv-00039-ECR-RAM, 2011 WL 2923949, at *5 (D. Nev. Jul. 15, 2011); In re Wal-Mart Wage & Hour Emp't Practices Litig., 490 F.Supp.2d 1091, 1130 (D. Nev. 2007). Because we have dismissed all of Plaintiff's substantive causes of action, Plaintiff's cause of action for injunctive relief must be dismissed.

### 7. Lis Pendens

Nevada statutory law allows a Notice of Pendency or a Lis Pendens to be filed for an action pending in the United States District Court for the District of Nevada when there is "a notice of an action affecting real property, which is pending," in any such

9

court. NEV. REV. STAT. § 14.010(2). As this Order dismisses this action, the motion to expunge lis pendens as part of the motion to dismiss (#3) is granted. See McKinnon v. IndyMac Bank F.S.B., No. 2:11-CV-00607-KJD-GWF, 2012 WL 194426, at *5 (D.Nev. Jan. 23, 2012) (granting motion to expunge lis pendens after dismissing all claims).

### III. Motion for Sanctions (#18)

Wells Fargo filed a Motion for Sanctions (#18) as part of its reply (#17) in support of the Motion to Dismiss (#3). Wells Fargo argues that Plaintiff refused to dismiss their complaint after being confronted with the TILA right-to-cancel notices which Plaintiff executed, despite the complaint being based almost entirely on a claim that Plaintiff never received those notices.[4] Wells Fargo requests that we award sanctions pursuant to 28 U.S.C. § 1927 as a result. Wells Fargo seeks excess costs, expenses, and attorneys' fees reasonably incurred due to Plaintiff's counsel's conduct of "unreasonably and vexatiously multipl[ying] these proceedings." (Mot. for Sanctions at 11 (#18).)

Section 1927 sanctions are authorized only for the multiplication of proceedings, and therefore apply "only to unnecessary filings and tactics once a lawsuit has begun." In re Keegan Management Co., Sec. Litig., 78 F.3d 431, 435 (9th Cir. 1996). Therefore, the Ninth Circuit has held that § 1927 cannot be

---

[4] Wells Fargo also brings up the recent Ninth Circuit ruling in McOmie-Gray as another reason Plaintiff should have withdrawn their complaint. This argument, however, is made only in the reply to the Motion to Sanctions (#18), as the McOmie-Gray ruling was made in February.

10

applied to an initial pleading.  Id. (citations omitted).  However, the court may sanction the filing of a complaint pursuant to Rule 11 of a court's inherent power.  Id.

 While we frown upon pleadings made with the intent to delay, or based upon false statements, we cannot find that Defendants are entitled to § 1927 sanctions in this case because Plaintiff did not vexatiously multiply the proceedings.  In this action, Plaintiff has filed a complaint and refused to withdraw it.  Plaintiff's complaint is based almost wholly on the contention that he did not receive the TILA disclosures, and therefore was entitled to a 3-year right of rescission.  In a response to the Motion to Dismiss (#3), Plaintiff seems to question the authenticity of the signatures attached to the TILA forms Defendants provide, but then in response to the Motion for Sanctions (#18), Plaintiff disputes only the receipt of the forms, not the fact that Plaintiff signed and dated and thus executed the forms in 2008.  Regardless of whether Plaintiff did or did not receive the TILA disclosure forms, Plaintiff did not file the rescission action within the 3-year statute of repose as required under TILA and McOmie-Gray.  We do not make the explicit finding that Plaintiff or Plaintiff's counsel made false or vexatious pleadings, but we caution that lawsuits should not be filed on false bases for the purpose of delay.

### IV. Conclusion

**IT IS, THEREFORE, HEREBY ORDERED THAT** Defendants' Motions to Dismiss (##3, 6) are **GRANTED**.  Plaintiff's claims shall be dismissed against all Defendants for failure to state a claim upon which

11

Case 3:11-cv-00900-ECR-VPC   Document 28   Filed 07/16/12   Page 12 of 12

relief may be granted.  As Plaintiff has not shown an alternative basis on which his wrongful foreclosure claims may be granted, leave to amend will not be given.

    **IT IS FURTHER ORDERED** that Defendants' request that the lis pendens be expunged is **GRANTED**.

    **IT IS FURTHER ORDERED** that Wells Fargo's Motion for Sanctions Pursuant to § 1927 (#18) is **DENIED**.

    The Clerk shall enter judgment accordingly.

DATED: July 16, 2012.

                                             */s/ Edward C. Reed*
                                             UNITED STATES DISTRICT JUDGE

12